**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JONATHAN LEE RICHES,
BERNARD MADOFF,**

      Plaintiffs,

vs.                                          Case No. 4:09cv323-SPM/WCS

**BYRD BILLINGS, et al.,**

      Defendants.

_____/

## O R D E R

On August 21, 2009, a complaint was filed in this Court, allegedly by two Pls. Doc. 1. The two Plaintiffs are not located at the same institution and, thus, would have a nearly impossible task of filing this complaint together and being able to sign and date the complaint one day apart. Doc. 1, p. 2. It appears that the action was initiated solely by inmate Jonathan Lee Riches, and that he has falsely attempted to involve another person and forge a signature for that individual, Bernard Madoff.

The allegations are, more importantly, frivolous and fanciful. Should Plaintiff Riches seek to litigate this case, he must do so separately and he may only present allegations on his own. Even *if* it were likely that two inmates desired to bring a

complaint together, the law does not permit two inmates to combine a case for the purpose of paying only one filing fee.  Indeed, in this case, Plaintiff did not pay the filing fee for this case, nor has an *in forma pauperis* motion be submitted.

I entered an order on September 8, 2009, directing Plaintiff Jonathan Lee Riches, the most likely author of the document filed in this case, to respond with either the filing fee or an *in forma pauperis* motion, supported by the required financial affidavit.  Doc. 3.  Furthermore, if Plaintiff actually had allegations to present of a constitutional violation, Plaintiff was ordered to file an amended complaint.  That order was returned as undeliverable, and the notation on the envelope stated that Plaintiff was no longer at that institution.  Doc. 4.

Therefore, the Court has located Jonathan Lee Riches within the Bureau of Prisons, and this order will now be sent to him at the institution to which he was transferred.  In the future, addresses will not be determined and if mail is returned to the Court, the case will be dismissed for failure to prosecute.  It is Plaintiff's obligation to keep the Court informed as to his current address and whereabouts.

Plaintiff is further advised that he must honestly disclose all prior cases he has filed, and Plaintiff must use the complaint form provided to him.  If Plaintiff cannot demonstrate how or why this case should proceed in the Northern District of Florida, Plaintiff should file a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).  Such a notice should also be carefully considered if Plaintiff is unable to present more than a fanciful description of events which are untrue and frivolous, and waste the Court's time.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court is directed to forward to Plaintiff Jonathan Lee Riches a § 1331 civil rights complaint form and *in forma pauperis* packet for federal prisoners so that Plaintiff can file the amended complaint as explained above.

2. Plaintiff shall have until **October 22, 2009**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms, and either pay the filing fee for this case or submit a completed *in forma pauperis motion* and financial affidavit with the required inmate bank account information.

3. Alternatively, Plaintiff should file a notice of voluntary dismissal by **October 22, 2009**.

4. **Failure to comply with this Court order may result in a recommendation of dismissal of this action.**

5. The Clerk of Court shall provide this Order to Plaintiff Jonathan Lee Riches at Lexington Federal Medical Center, Satellite Camp, P.O. Box 14525, Lexington, KY 40512.

6. The Clerk of Court shall return this file to me upon receipt of Plaintiff's compliance with this order or no later than October 22, 2009.

**DONE AND ORDERED** on September 21, 2009.

> s/    William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**